# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Perseverance MED, LLC, a Colorado limited liability company,

    Plaintiff,

    v.

Anthony J. Trujillo, individually; Marcel Trujillo individually; Yanaba Services, LLC, a Colorado limited liability company, Tru-Management, Inc., a Colorado corporation, and Tru-Investments, LLC, a Colorado limited liability company.

    Defendant.

---

# COMPLAINT

---

COMES NOW Perseverance MED, LLC by and through its attorneys, Nathaniel J. Thompson of Law Office of Nathaniel J. Thompson, LLC, and Thomas Mitchiner of Mitchiner Law, LLC and states and alleges as follows:

### Nature of the Case

1.    This is a breach of contract, detrimental reliance, negligent misrepresentation, fraud, Racketeer Influenced and Corrupt Organizations Act (RICO) and Colorado Organized Crime Control Act (COCCA) case brought to recover money loaned to Anthony J. Trujillo (AT), Marcel Trujillo (MT), (hereinafter jointly referred to as " the Trujillos") Yanaba Services, LLC, Tru-Management, Inc., and Tru-Investments, LLC (hereinafter referred to as "the Entities" and all parties collectively referred to as "the Defendants") by Perseverance MED, LLC.

## Parties

2. Plaintiff, Perseverance MED, LLC (Perseverance) is a Colorado limited liability company with its principal address as 902 S. Weber Street, Colorado Springs, CO 80903.

3. Defendant Anthony J. Trujillo (AT) is an individual, his address is 200 Clayton Street, Unit 2, Denver, CO 80206.

4. Defendant Marcel Trujillo (MT) is an individual his address is 15 William Street, Apt 34A, New York, NY 10005.

5. Yanaba Services, LLC, Tru-Management, Inc., Tru-Investments, LLC are all located at 450 East 17th Avenue, Suite 400, Denver, CO 80203.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Perseverance's state claims pursuant to 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over AT because he is a resident of the State of Colorado.

8. This Court has general personal jurisdiction over MT because of his consistent business contacts within the State of Colorado.

9. This Court has personal jurisdiction over Yanaba Services, LLC, Tru-Management, Inc., Tru-Investments, LLC because they are Colorado companies registered to do business in the State of Colorado.

10. Venue in the United States District Court for the District of Colorado is proper pursuant to 28 U.S.C. § 1391(a)(2) as a substantial part of the events giving rise to the claim occurred in this jurisdiction.

## General Allegations

11. Perseverance owns and operates medical laboratories and is located in Denver, Colorado.

12. The Defendants work with the United States federal government and state governments providing disaster recovery services, construction services and general real estate services.

13. A significant portion of the Trujillo's livelihood is obtained by earning government contracts through a number of different entities including but not limited to the Entities listed in this Complaint

14. The Trujillos work together to manage and operate the Entities.

15. AT is authorized to negotiate and enter contracts on behalf of the Entities.

16. In particular, AT has experience and expertise in obtaining government contracts for the construction of building developments.

17. Perseverance does not have this experience but wanted to develop and gain such experience.

18. To obtain government contracts for the construction of building developments prospective contractors have to navigate a number of different federal statutes and regulations.

19. Perseverance sought to gain experience obtaining government contracts by working with Defendants.

20. Perseverance and Defendants began exploring business opportunities in 2016.

21. Sometime after their initial discussions regarding mutual business opportunities, the Defendants asked Perseverance if it could lend money to the Defendants.

22. The Defendants' needed the loan for business opportunities, specifically developing architectural designs to secure a government contract.

23. AT as the Defendants authorized representative, expressed to Perseverance that they needed the loan because money was tied up in other projects and there was a limited amount of time to take advantage of the opportunity.

24. AT as the Defendants authorized representative, also revealed to Perseverance that, in exchange for lending the money, it could join the project to register for the Contractor Performance Assessment Reporting System (CPARS) and establish a Contract Performance Assessment rating.

25. Registering in the Federal database and establishing CPARS while obtaining quality Contract Performance Assessment ratings is required to obtain federal contracts for current and future projects.

26. On January 30, 2017 Perseverance wrote a check to AT for $170,000.00 in the form of a loan as indicated on check number 1698. The check was deposited by AT shortly thereafter.

27. At the time when AT picked up the check from Perseverance the parties had not set a hard deadline for repaying the money, as the architects needed to complete their work and the architects had not given AT a definite time frame for completion.

28. However, AT promised to pay the money back as soon as possible.

29. On July 5, 2017 Perseverance, AT and another party had a meeting to discuss other projects.

30. At this time AT told Perseverance that he needed an additional $50,000 to pay the architects to release the architectural designs.

31. AT represented to Perseverance that the architects had finished the plans, but that they had gone over AT's original budget for the project.

32. In a series of text messages on July 6, 2017, Perseverance and AT discuss the terms of the loan.

33. Perseverance told the Defendants did not need to pay any interest on the money but had to repay the loan by September 1, 2017.

34. Perseverance did not demand interest on the loan due to the representations made by Defendants that Defendants would assist Perseverance in establishing and enhancing Perseverance's Contract Performance Assessment rating.

35. AT agreed stating, "Beau, You got my word on it! Thank you."

36. On July 7, 2017 Perseverance wired the additional $50,000 to AT at Chase Bank with the last four of the account 2135. The wire successfully transferred the funds to AT.

37. Therefore, after the wire transfer the Defendants had received $220,000.00 from Perseverance and had exclusive control and beneficial use thereof.

38. On August 16, 2017 AT contacted Perseverance by text to set up a phone call.

39. During the phone call AT represented to Perseverance that he was still working out accounting issues, but that the Defendants would repay the loan within a month.

40. On August 27, 2017 Perseverance, AT and MT met in New York, again AT and MT represented to Perseverance that the Defendants would repay the loan, but that there were still accounting issues to deal with.

41. Perseverance pressed AT and MT for more information and for the first time learned that they were having payment issues with the state of New York regarding their Hurricane Sandy Disaster Recovery Project.

42. In 2014 the State of Colorado, Defendant AT and companies controlled by him entered into a Consent Judgment settling claims of fraud against AT and his companies under the Colorado Consumer Protection Act.

43. Upon information and belief, AT has been involved in other fraud allegations, and Perseverance now believes the circumstances of this loan was a continuation of a pattern of fraudulent transactions of Defendants.

44. The Trujillos have not paid any money back to Perseverance, yet AT and MT, continue to live in a lavish lifestyle, driving luxury sports cars, living in upscale residences, and spending copious amounts of money at clubs, bars, and restaurants.

45. As of this date Defendants have not repaid any money to Perseverance nor have Defendants sought to make any payment arrangement.

**First Claim for Relief**
(Breach of Oral Contract - Anthony Trujillo, Marcel Trujillo, Yanaba Services, LLC, Tru-Management, Inc., and Tru-Investments, LLC)

46. Perseverance hereby incorporates the preceding paragraphs as if stated, fully herein.

47. Perseverance and AT entered into a valid contract binding Perseverance and Defendants to obligations to loan and repay money.

48. AT is authorized to negotiate and enter contracts on behalf of Yanaba Services, LLC, Tru-Management, Inc., and Tru-Investments, LLC.

49. Under the contract, Perseverance lent the Defendants $220,000.

50. The Defendants agreed to pay the money back without interest by September 1, 2017.

51. Perseverance tendered the money to the Defendants in two installments.

52. First, Perseverance tendered the Defendants $170,000 on January 30, 2017, and second, Perseverance tendered the Defendants another $50,000 on July 7, 2017.

53. The Defendants defaulted and breached the contract by failing to repay Perseverance $220,000 by September 1, 2017.

54. As a result, Perseverance has suffered damages in an amount to be proved at trial.

### Second Claim for Relief
(Detrimental Reliance - Anthony Trujillo, Marcel Trujillo, Yanaba Services, LLC, Tru-Management, Inc., and Tru-Investments, LLC)

55. Perseverance hereby incorporates the preceding paragraphs as if stated, fully herein.

56. The Defendants asked to borrow $220,000 from Perseverance.

57. In exchange, the Defendants promised to repay the entire amount by September 1, 2017.

58. Perseverance relied on this representation and tendered $220,000 to Defendants.

59. Perseverance's reliance on this statement was reasonable because Perseverance had a prior relationship with the Defendants, and AT and MT had demonstrated his business experience and expertise in those dealings.

60. Perseverance relied on the representations made by Defendants to its detriment as Perseverance tendered $220,000 to Defendants and to date has not been repaid.

61.     As a result, Perseverance has suffered damages in the amount of $220,000.00.

**Third Claim for Relief**
(Common Law Fraud - Anthony Trujillo, Marcel Trujillo, Yanaba Services, LLC, Tru-Management, Inc., and Tru-Investments, LLC)

62.     Perseverance hereby incorporates the preceding paragraphs as if stated, fully herein.

63.     Upon information and belief, the Defendants falsely represented to Perseverance: (a) on or about January 30, 2017 that they needed $170,000 to pay architects to take advantage of a federal sector project; (b) on or about January 30, 2017 that Defendants' money was tied up in other projects; (c) on or about January 30, 2017 that Defendants would help Perseverance register with CPARS; (d) on or about July 5, 2017 that the project went over budget and that Defendants needed an additional $50,000 to complete the project; (e) on July 6, 2017 Defendants would repay the money by September 1, 2017; (f) on August 16, 2017 that Defendants had not repaid the money because of accounting issues; and (g) on August 27, 2017 that Defendants could not repay the money because of issues they were having with the state of New York on another project.

64.     Defendants never had any intention of paying back the loan as evidenced by the above representations (in paragraph 61) and non-payment of the loan.

65.     All of the above representations of fact were material in inducing Perseverance to loan the Defendants the original $170,000.00, obtaining an additional $50,000.00 from Perseverance, and in Perseverance's decision to wait over a year before initiating legal action to recover the moneys it loaned the Defendants.

66. Without these representations Perseverance would not have loaned the Defendants any amount of money.

67. Upon information and belief, at the time that the Defendants made these representations they knew they were false.

68. The Defendants made many of these representations through text messages and phone calls.

69. The Defendants made the representations intending for Perseverance to act on the representations.

70. Perseverance justifiably relied on this representation because the Defendants presented themselves as successful and experienced businessmen and businesses.

71. As a result, Perseverance has suffered damages in an amount to be proved at trial.

### Fourth Claim for Relief
(RICO 18 U.S.C. § 1962(c) – Anthony Trujillo, Marcel Trujillo, Yanaba Services, LLC, Tru-Management, Inc., and Tru-Investments, LLC)

72. Perseverance hereby incorporates the preceding paragraphs as if stated, fully herein.

73. The Defendants operates entities capable of holding a legal or beneficial interest in property.

74. The Defendants are an enterprise, whose activities affect interstate commerce.

75. The enterprise agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff. Specifically:

      a. Obtaining a loan of $170,000 on January 30, 2017 by making false representations; and,

      b. Obtaining a loan of $50,000 on July 7, 2017 by making false representations.

76. These acts involved the same parties and the same purpose.

77. Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts of defrauding the Plaintiff by making false statements regarding Defendants intention to repay the money loaned to it via text message, email and the telephone in violation of 18 U.S.C. § 1343.

78. The act of making false promises regarding the repayment of monies via text messages on July 6, 2017, on August 16, 2017 and on August 27, 2017 constitutes a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

79. The Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above in violation of 18 U.S.C. § 1962(c).

80. As a direct and proximate result of the Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiff has been injured in its business and property in that it was unlawfully and fraudulently deprived of the money due it in an amount to be proved at trial.

### Fifth Claim for Relief
(RICO 18 U.S.C. § 1962(a) – Anthony Trujillo, Marcel Trujillo, Yanaba Services, LLC, Tru-Management, Inc., and Tru-Investments, LLC)

81. Perseverance hereby incorporates the preceding paragraphs as if stated, fully herein.

82. The Defendants used and invested income that was derived from a pattern of racketeering activity in an interstate enterprise. Specifically: The Defendants used the money gained from their fraudulent actions, which forms the basis of the racketeering activity, to purchase businesses, vacations, obtain federal contracts, and to make everyday purchases such as food and gas, in addition to using the money for vacations and other luxury items.

83. As a direct and proximate result of the Defendants' racketeering activities and violations of 18 U.S.C. § 1962(a), Plaintiff has been injured in its business and property in that it was unlawfully and fraudulently deprived of the money due it in an amount to be proved at trial..

### Sixth Claim for Relief
(RICO 18 U.S.C. § 1962(d) – Anthony Trujillo, Marcel Trujillo, Yanaba Services, LLC, Tru-Management, Inc., and Tru-Investments, LLC)

84. Perseverance hereby incorporates the preceding paragraphs as if stated, fully herein.

85. The Defendants used and invested income that was derived from a pattern of racketeering activity in an interstate enterprise. Specifically: The Defendants used the money gained from their fraudulent actions, which forms the basis of the racketeering activity, to purchase businesses, vacations, obtain federal contracts, and to make everyday purchases such as food and gas, in addition to using the money for vacations and other luxury items.

86. As a direct and proximate result of the Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiff has been injured in its business and property in that it was unlawfully and fraudulently deprived of the money due it in an amount to be proved at trial.

### Seventh Claim for Relief
(COCCA C.R.S. § 18-17-104(3) – Anthony Trujillo, Marcel Trujillo, Yanaba Services, LLC, Tru-Management, Inc., and Tru-Investments, LLC)

87. Perseverance hereby incorporates the preceding paragraphs as if stated, fully herein.

88. The Defendants operates entities capable of holding a legal or beneficial interest in property.

89. The Defendants are an enterprise, whose activities affect interstate commerce.

90. The enterprise agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff. Specifically:

　a. Obtaining a loan of $170,000 on January 30, 2017 by making false representations;

　b. Obtaining a loan of $50,000 on July 7, 2017 by making false representations.

91. These acts involved the same parties and the same purpose.

92. Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts of defrauding the Plaintiff by making false statements regarding Defendants intention to repay the money loaned to it via text message, email and the telephone.

93. The act of making false promises regarding the repayment of monies via text messages on July 6, 2017, on August 16, 2017 and on August 27, 2017 constitutes a pattern of racketeering activity pursuant to C.R.S. 18-17-101(5).

94. Anthony, the Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above in violation of C.R.S. § 18-17-104(3).

95. As a direct and proximate result of Defendants' racketeering activities and violations of C.R.S. § 18-17-104(3), Plaintiffs have been injured in their business and property in that they were unlawfully and fraudulently deprived of the money due it in an amount to be proved at trial.

**Eighth Claim for Relief**
(COCCA C.R.S. § 18-17-104(1)(a) – Anthony Trujillo, Marcel Trujillo, Yanaba Services, LLC, Tru-Management, Inc., and Tru-Investments, LLC)

96. Perseverance hereby incorporates the preceding paragraphs as if stated, fully herein.

97. The Defendants used and invested income that was derived from a pattern of racketeering activity in an interstate enterprise. Specifically: The Defendants used the money gained from their fraudulent actions, which forms the basis of the racketeering activity, to purchase businesses, vacations, obtain federal contracts, and to make everyday purchases such as food and gas, in addition to using the money for vacations and other luxury items.

98. As a direct and proximate result of the Defendants racketeering activities and violations of C.R.S. § 18-17-104(1)(a), Plaintiff has been injured in its business and property in that it was unlawfully and fraudulently deprived of the money due it to be proven at trial.

### Ninth Claim for Relief
(COCCA C.R.S. 18-17-104(4) – Anthony Trujillo, Marcel Trujillo, Yanaba Services, LLC, Tru-Management, Inc., and Tru-Investments, LLC)

99. Perseverance hereby incorporates the preceding paragraphs as if stated, fully herein.

100. As set forth above, Defendants agreed and conspired to violated C.R.S. §§ 18-17-104(3) and (1)(a). Specifically: The Defendants agreed orally and through their conduct to knowingly, willfully and intentionally use email, text message and the telephone to make false statements to Perseverance regarding the repayment of money loaned to them, for the purpose of using the money to their own ends.

101. The Defendants have intentionally conspired and agreed to directly and indirectly use or invest income that is derived from a pattern of racketeering activity in an interstate enterprise and conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. The Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above. That conduct constitutes a conspiracy to violate C.R.S. §§ 18-17-104(3) and (1)(a), in violation of C.R.S. § 18-17-104(4).

102. As a direct and proximate result of the Defendants conspiracy, the overt acts taken in furtherance of that conspiracy, and violation of C.R.S. § 18-17-104(4) Plaintiff has been injured in its business and property in that it was unlawfully and fraudulently deprived of the use of its money in an amount to be proved at trial.

### Tenth Claim for Relief
(Civil Conspiracy - Anthony Trujillo, Marcel Trujillo, Yanaba Services, LLC, Tru-Management, Inc., and Tru-Investments, LLC)

103. Perseverance hereby incorporates the preceding paragraphs as if stated, fully herein.

104. The Defendants agreed by words and their conduct to make false representations regarding a present fact to Perseverance to obtain $220,000.00.

105. The Defendants made representations to Perseverance that it would repay the loan by September 1, 2017. Defendants built upon its representations as September 1, 2017 neared by falsely claiming to Perseverance that non-payment was simply due to accounting issues and payment was still forthcoming.

106. Perseverance suffered damages of $220,000.00 due to the conduct of the Defendants.

107. The damages of $220,000.00 were caused by the conspiracy perpetrated by the Defendants.

### Eleventh Claim for Relief
(Negligent Misrepresentation Causing Financial Loss in A Business Transaction - Anthony Trujillo, Marcel Trujillo, Yanaba Services, LLC, Tru-Management, Inc., and Tru-Investments, LLC)

108. Perseverance hereby incorporates the preceding paragraphs as if stated, fully herein.

109. The Defendants gave Perseverance false information regarding when they would repay the money lent to them by Perseverance.

110. The Defendants gave this information to Perseverance in the course of their business.

111. The Defendants gave Perseverance the information so that they could use Perseverance in a business transaction for their companies.

112. The Defendants were negligent in communicating this information.

113. The Defendants gave the information with the intent that Perseverance would decide to loan them the money in reliance on the information.

114. Perseverance relied on the information supplied by the Defendants.

115. The reliance on this information caused damage to Perseverance in an amount to be proved at trial.

## Demand for Judgement

WHEREFORE, Plaintiff Perseverance MED, LLC, respectfully pray for a judgment to be entered against Anthony Trujillo, Marcel Trujillo, Yanaba Services, LLC, Tru-Management, Inc., and Tru-Investments, LLC as follows:

A. Against Defendants for expectation damages pursuant to Perseverance's contract claim;

B. Against Defendants for the money loaned pursuant to Perseverance's detrimental reliance claim;

C. Against Defendants for the money loaned due to their fraudulent actions;

D. Against Defendants for punitive and compensatory damages, as allowed by law;

E. Against Defendants for treble damages under RICO and COCCA, as allowed by law;

F. Against Defendants for attorney fees under RICO and COCCA, as allowed by law;

G. Costs, as allowed by law; and

    H.  Such other relief as the Court deems proper.

Respectfully submitted on this October 24, 2018.

| /s/ Thomas H. Mitchiner | /s/ Nathaniel J. Thompson |
|---|---|
| Thomas H. Mitchiner, Atty. Reg. #: 47465 | Nathaniel J. Thompson, Atty. Reg. #: 41219 |
| Mitchiner Law LLC | Law Offices of Nathaniel J. Thompson, Atty. |
| 1888 N Sherman St Ste 200 | 1888 N Sherman St Ste 200 |
| Denver, CO 80203 | Denver, CO 80203 |
| Phone Number:  720-538-0371 | Phone Number: 720-319-7049 |
| E-mail:  tmitchiner@mitchinerlawllc.com | E-mail: nathaniel@njtlaw.net |

Attorneys for Perseverance MED, LLC

Plaintiff's Address:

902 S. Weber Street, Colorado Springs, CO 80903